FILED

2017 SEP 13 PM 4:59

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:17-cr-215-Orl-41DCI
    18 U.S.C. § 111(a)(1)
    18 U.S.C. § 2252A(a)(5)(B)

DAVID HARDMAN

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about August 17, 2017, in the Middle District of Florida, the defendant,

DAVID HARDMAN

did forcibly assault, resist, oppose, impede, intimidate, and interfere with R.H., a Federal officer designated in 18 U.S.C. § 1114, while R.H. was engaged in and on account of the performance of his official duties and in doing so, used a deadly and dangerous weapon, to wit, a Ruger 9mm firearm.

In violation of 18 U.S.C. § 111(a)(1) and (b).

## COUNT TWO

On or about August 17, 2017, in the Middle District of Florida, the defendant,

## DAVID HARDMAN

did knowingly possess material that contained images of child pornography, that is, visual depictions of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce, and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and was produced using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## FORFEITURE

1.      The allegations contained in Count Two of this Indictment are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2.      Upon conviction of a violation of 18 U.S.C. § 2252A(a)(5)(B), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his interest in:

      a.      Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Title 18 Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18 Chapter 110;

      b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

      c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.      The property to be forfeited includes, but is not limited to, the following: a Memorex CD-R.

4.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

           A TRUE BILL,

           _____
           Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: _____
   Karen L. Gable
   Assistant United States Attorney

By: _____
   Katherine M. Ho
   Assistant United States Attorney
   Chief, Orlando Division

FORM OBD-34
APR 1991

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

DAVID HARDMAN

**INDICTMENT**

Violations:

18 U.S.C. § 111(A)(1)
18 U.S.C. § 2252A(a)(5)(b)

A true bill,

_____
Foreperson

Filed in open court this 13th day

of September, 2017.

_____
Clerk

Bail  $ _____