FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 JAN 10 PM 3: 11

UNITED STATES OF AMERICA

v.

DAVID HARDMAN

CASE NO. 6:17-cr-215-Orl-41DCI
18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(5)(B)
18 U.S.C. § 111(a)(1)

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

In or about April 2014, in the Middle District of Florida and elsewhere, the defendant,

**DAVID HARDMAN,**

did employ, use, persuade, induce and entice K.N., a minor, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such visual depictions would be mailed, and transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which visual depictions were actually mailed, and transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and

which visual depictions were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT TWO

On or about March 3, 2015, in the Middle District of Florida and elsewhere, the defendant,

## DAVID HARDMAN,

did employ, use, persuade, induce and entice A.S. and K.J., both minors, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such visual depictions would be mailed, and transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which visual depictions were actually mailed, and transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which visual depictions were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE

On or about March 7, 2015, in the Middle District of Florida and elsewhere, the defendant,

## DAVID HARDMAN,

did employ, use, persuade, induce and entice A.S. and K.J., both minors, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such visual depictions would be mailed, and transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which visual depictions were actually mailed, and transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which visual depictions were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR

On or about August 17, 2017, in the Middle District of Florida, the defendant,

3

## DAVID HARDMAN,

did knowingly possess material that contained images of child pornography, that is, visual depictions of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce, and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and was produced using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## COUNT FIVE

On or about August 17, 2017, in the Middle District of Florida, the defendant,

## DAVID HARDMAN,

did forcibly assault, resist, oppose, impede, intimidate, and interfere with R.H., a Federal officer designated in 18 U.S.C. § 1114, while R.H. was engaged in and on account of the performance of his official duties and in doing so, used a deadly and dangerous weapon, to wit, a Ruger 9mm firearm.

In violation of 18 U.S.C. § 111(a)(1) and (b).

## **FORFEITURE**

1. The allegations contained in Counts One through Four of this Superseding Indictment are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2252A(a)(5)(B), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his interest in:

 a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Title 18 Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18 Chapter 110;

 b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

 c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following: (1) real property located at 4097 Mount Carmel Lane, Melbourne, Florida, 32901; (2) DVDs; (3) Emachines computer Model EL1200-06w,

serial # PTNAE05159100877C3001; (4) Sony Handycam Digital Video Camera Recorder Model DCR-TRV480; (5) Apple Mac Model A1331, serial # W8037TGZDAS; (6) My book studio external hard drive, serial # WCAZAK708038; (7) Emachines computer Model W3650, serial # CGM8410002850; and (8) Maxell CD-R.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Karen L. Gable
Assistant United States Attorney

By: _____
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
APR 1991

No. 6:17-cr-215-Orl-41DCI

UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

DAVID HARDMAN

## SUPERSEDING INDICTMENT

Violations:

18 U.S.C. §§ 2251(a), 2252A(a)(5)(b), and 111(A)(1)

A true bill,

_____
Foreperson

Filed in open court this 10th day of January, 2018.

_____
Clerk

Bail  $ _____