UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES,

    Plaintiff,

v.                                          Case No. 6:17-cr-215-ORL-41DCI

DAVID HARDMAN,

    Defendant.

_____/

**UNOPPOSED MOTION TO CONTINUE SENTENCING HEARING**

The Defendant, DAVID HARDMAN, by and through his undersigned counsel, moves this Honorable Court to continue his sentencing hearing, pursuant to Rule 32, of the Federal Rules of Criminal Procedure and the Sixth Amendment to the United States Constitution. In support of his request for a continuance of sixty days, Mr. Hardman states the following:

**STATEMENT OF FACTS**

*Procedural History*

1. On September 13, 2017, the government charged Mr. Hardman with assault on a federal officer with a deadly weapon and possession of child pornography in violation of 18 U.S.C. §§ 111 & 2252A. *See* Doc. 12.

2. On January 13, 2018, the grand jury returned a superseding indictment charging Mr. Hardman with the additional offenses of production of child pornography. *See* 18 U.S.C. § 2251. Each one of those counts carries a 15-year minimum mandatory penalty. *See id*.

3.      Mr. Hardman's sentencing hearing is set for July 12, 2018. Doc. 47

***Grounds for the Continuance***

4.      The Probation Office has advised that despite its best efforts and its submission of releases executed by Mr. Hardman, it still has not received Mr. Hardman's military records for inclusion in the PSR.

5.      Mr. Hardman received an Honorable Discharge from the United States Marine Corps after six years of service and during that time received commendations and awards.

6.      Thus, Mr. Hardman's complete military records are potentially mitigating factors to be considered in his case. *See Porter v. McCollum*, 558 U.S. 30, 43 (2009)("Our Nation has a long tradition of according leniency to veterans in recognition of their service, especially for those who fought on the front lines . . ."); *see also* 18 U.S.C. § 3553(a)(1)(stating that a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant").

7.      In addition, the undersigned is currently developing additional mitigation on behalf of Mr. Hardman concerning his history and characteristics. The undersigned requires additional time to develop this mitigation evidence.

8.      The undersigned has consulted with Assistant United States Attorney Karen Gable, who does not oppose the requested continuance.

## **MEMORANDUM OF LAW**

Mr. Hardman's request for a continuance is predicated on Rule 32 of the Federal Rules of Criminal Procedure and the Sixth Amendment to the United States Constitution. This memorandum discusses each basis in turn.

Rule 32(e) of the Federal Rules of Criminal Procedure provides the time limits for imposing a defendant's sentence. This rule notes that these time limits may be lengthened for good cause shown. Based on the need to obtain Mr. Hardman's complete military records and develop additional mitigation evidence, the defendant respectfully submits that good cause supports his request for a continuance. Indeed, as discussed above, the presentation of this evidence, as well as its inclusion in the PSR, is necessary to fulfill the requirements of 18 U.S.C. § 3553.

Concerning the Sixth Amendment, this constitutional provision guarantees Mr. Hardman's right to the effective assistance of counsel at sentencing. *See Glover v. United States*, 531 U.S. 198, 203-04 (2001). The undersigned respectfully submits a continuance is necessary in order to vindicate Mr. Hardman's right to the effective assistance of counsel. Since Mr. Hardman faces both serious allegations and penalties, the undersigned needs to submit all mitigating evidence on his behalf. Mr. Hardman's right to effective representation is especially critical considering that he is effectively facing a life sentence due to his age.

WHEREFORE, the Defendant David Hardman respectfully moves this Honorable Court for an Order continue the Sentencing Hearing for a period of sixty days.

                                          */s/ Fritz Scheller*
                                          Fritz Scheller

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel in this case on June 25, 2018.

*/s/ Fritz Scheller*
Fritz Scheller
Florida Bar Number 183113
Fritz Scheller, P.L.
200 East Robinson, Suite 1150
Orlando, Florida 32801
Telephone 407-792-1285
Facsimile 407-513-4146
Email: fscheller@flusalaw.com