**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

       v.                Case No. 6:17-cr-215-Orl-41DCI
                                     (Forfeiture)

**DAVID HARDMAN**

**UNITED STATES' MOTION FOR ENTRY OF
PRELIMINARY ORDER OF FORFEITURE**

The United States moves this Court, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), 18 U.S.C. §§ 924(d), 2253, and 28 U.S.C. § 2461(c) to enter a Preliminary Order of Forfeiture in the above-captioned case, which, upon entry, shall become a final order of forfeiture as to the defendant for the following:

1. real property located at 4097 Mount Carmel Lane, Melbourne Florida 32901;

2. Apple Mac, serial number W8037TGZDAS;

3. Sony Handycam Digital Video Camera Recorder, model DCR-TRV480;

4. Emachines computer, serial number CGM8410002850;

5. Emachines computer, serial number PTnae05159100877C3001;

6. a Ruger 9mm, serial number 329-66837; and

7. assorted ammunition.

In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

I.    **Statement of Facts**

    1.    On January 10, 2018, a five count Superseding Indictment was returned.  Doc. 34.  In pertinent part, Count One charged the defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a).  Count Five charged the defendant with forcible assault of a federal office with use of a deadly and dangerous weapon, in violation of 18 U.S.C. § 111(a)(1).

    2.    As a result of the offense charged in Count One of the Superseding Indictment, the United States sought the forfeiture of any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.  Specifically, the United States sought to forfeit the real property located at 4097 Mount Carmel Lane, Melbourne, Florida, the Apple Mac, Sony Handycam Digital Video Camera, and two Emachines computers.[1]  *Id.* at 5-6.

---

[1] The forfeiture statute for the firearm and ammunition, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), was inadvertently omitted from the Superseding Indictment.

3. On April 20, 2018, the United States and the defendant entered into a plea agreement. Doc. 45. In paragraph 12 of his plea agreement, entitled "Forfeiture of Assets," the defendant agreed that the above-described real property, computers, and camera recorder were used to commit the offense charged in Count One, and the firearm and ammunition were used to facilitate the offense charged in Count Five. *Id.* at 11.

4. On April 26, 2018, the defendant pled guilty to Counts One and Five of the Superseding Indictment and the Court accepted the plea of guilty and adjudicated the defendant guilty as to Counts One and Five. Doc 46. The defendant is scheduled to be sentenced on September 19, 2018. Doc. 51.

## II.  Applicable Law

The Court's authority to order forfeiture of property for violations of 18 U.S.C. § 2251 is founded upon 18 U.S.C. § 2253. Section 2253 provides that a person who is convicted of that offense . . . shall forfeit to the United States . . . any property, real or personal, used or intended to be used, to commit or to promote the commission of such offense, or any property traceable to such property. In addition, the Court's authority to order forfeiture of property for violations of 18 U.S.C. § 111(a)(1) is founded upon 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Section 924(d) provides for the seizure and forfeiture of any

---

However, it was included in the Plea Agreement.

3

firearm or ammunition involved in or used in any violation of any other criminal law of the United States.   See 18 U.S.C. § 924(d).   Section 2461(c) authorizes the criminal forfeiture of any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853(a).

Rule 32.2(b)(1) requires that if the United States seeks the forfeiture of specific property, the Court must determine whether the United States has established the requisite nexus between the property and the offense.   In so doing, the Court makes both a factual determination regarding the sufficiency of the nexus between the offense and the property sought for forfeiture, and a legal finding as to what property is subject to forfeiture.

### III.    **Factual Basis**

The defendant admitted in the Factual Basis of his Plea Agreement that from at least in or about 2010 through at least in or about August 2017, he operated a commercial "teen modeling" business from his residence at 4097 Mount Carmel Lane, Melbourne, Florida 32901.   The defendant paid minors to pose in sheer, skimpy lingerie and recorded them engaging in sexually explicit conduct.   He used his e-machine computers and Mac computer to edit and copy the recordings onto commercial DVDs.   The defendant advertised and sold the DVDs through his website.   During the period December 2010 through August 2017, the defendant averaged $4,279 per month in DVD sales and made a total

of $346,663.84.   Customers paid about $66 for each DVD via credit card.   The defendant shipped the DVDs to customers throughout the United States and other countries.   Factual Basis at 23.

In or about April 2014, the defendant recorded 14 year-old K.N., whose pseudonym was Elizabeth.   K.N. was dressed in a bustier, plaid mini skirt that did not cover her pubic area, sheer white thong, garter belt, white sheer stockings and high heels.   *Id.* at 25.

K.N. had "modeled" for the defendant since she was 11 years-old.   The defendant called this particular video, "Elizabeth 2014."   He included the recording on a 2-disk DVD set entitled "Bits of Elizabeth Blu Ray 2016."   On or about June 5, 2016, a customer paid $49.99 for the DVD and the defendant shipped the DVD to the customer in California.   *Id.* at 26.

On August 17, 2017, FBI special agents (SA) and officers with the Melbourne Police Department (MPD) executed a federal search warrant at the defendant's residence.   *Id.*   The FBI SAs wore vests marked with the letters "FBI."   The state officers wore their uniforms.   When agents announced their presence at the defendant's residence, they received no response from the defendant.   *Id.* at 26-27.

After waiting for several minutes and not receiving any response, a law enforcement officer broke the sliding glass door so that law enforcement officers could enter the residence and execute the search warrant.   Agent Kaufman,

5

along with other federal and state officers, including FBI SA Rod Hyre and MPD Officer Steve Sigety, entered the defendant's residence. As Agent Kaufman entered the residence, he announced "FBI with a search warrant." *Id.*

SA Hyre and Officer Sigety entered the defendant's room and immediately saw him crouching down in the bathroom. *Id.* at 28. The defendant held a handgun and attempted to chamber a round. The defendant turned towards SA Hyre and Officer Sigety as he attempted to chamber a round and pointed the handgun at SA Hyre and Officer Sigety. SA Hyre and Officer Sigety ran towards the defendant and attempted to subdue him by tackling him. The defendant dropped the gun as agents tackled him. *Id.*

Law enforcement seized the firearm and identified it as a Ruger 9mm, model number LC9S, serial number 29-66837. The firearm had a magazine loaded in it with seven rounds of ammunition. *Id.*

SA Kaufman advised the defendant of his *Miranda* rights. The defendant waived his rights and agreed to speak with law enforcement officers. During his recorded interview, the defendant admitted that he heard law enforcement announce their presence and enter his residence. *Id.* He stated that he did not want to go to jail for child pornography and that his intent was to shoot the officers. *Id.* at 28-29. He admitted that he was in his bathroom attempting to load his Ruger firearm when the officers entered his bedroom. He stated that he did not fire his pistol because he did not have time to load it. *Id.* at 29.

If the Court finds that the United States has established the requisite nexus between the property sought for forfeiture and the violations charged in Counts One and Five of the Superseding Indictment, then it is appropriate for the Court to enter a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and interest in the real property, computers, camera recorder, firearm, and ammunition in accordance with 18 U.S.C. §§ 924(d), 2253, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2).

**IV.**     **Conclusion**

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. §§ 924(d), 2253, 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), forfeiting to the United States all right, title, and interest in the subject real property, computers, camera recorder, firearm, and ammunition.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property.   Determining whether a third party has any interest in the property must be deferred until a third party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally

pronouncing the sentence and in the judgment. *See also United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: *s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar Number 0820601
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
(407) 648-7500 – telephone
(407) 648-7643 – facsimile
E-mail: nicole.andrejko@.usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 22, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Fritz Scheller, Esquire

                        By:    *s/Nicole M. Andrejko*
                                   NICOLE M. ANDREJKO
                                   Assistant United States Attorney